# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Dean Kinningham, ) | |
| ) | Civil Action No. 1:12-cv-00639-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| Warden Adwell and ) | |
| GEO Care of South Carolina, Inc., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report"), [Dkt. No. 86], filed on July 16, 2013, recommending that Defendants' Motion for Summary Judgment [Dkt. No. 53] be granted. Plaintiff brought this action seeking relief pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971)[1] and asserted violations of his constitutional rights. [Dkt. No. 1]. Plaintiff filed his Response in Opposition to Defendants' Motion for Summary Judgment [Dkt. No. 83]. The Report sets forth in detail the relevant facts and legal standards on these matters which the court incorporates herein without a recitation.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The

---

[1] Plaintiff brings suit while detained in the custody of the United States Marshall's Service, a federal agency; therefore, his constitutional claims are construed as brought pursuant to *Bivens*. *Bivens* is the case establishing, as a general proposition, that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits. *Carlson v. Green*, 446 U.S. 14, 18 (1980); *see also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006).

1

responsibility to make a final determination remains with this court.  *See Matthews v. Weber*, 423 U.S. 261, 270-271 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1).

The Report advised Plaintiff of his right to file objections to the Report within fourteen (14) days of the date of service of the Report and Recommendation.  [Dkt. No. 86]. Plaintiff's objections were due by August 2, 2013.  Plaintiff has not filed objections to the Report.

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

Therefore, after a thorough and careful review of the Magistrate Judge's Report and Recommendation, and the record in this case, the court finds the Magistrate Judge's Report provides an accurate summary of the facts and law in the instant case and the record in this case. The court **ACCEPTS** the Report and Recommendation [Dkt. No. 86].  For the reasons

3

articulated by the Magistrate Judge, it is therefore **ORDERED** that Defendants' Motion for Summary Judgment [Dkt. No. 53] is **GRANTED**.

    **IT IS SO ORDERED.**


*J. Michelle Childs*

United States District Court Judge

August 8, 2013
Greenville, South Carolina

3